UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Manuel P.N.,

Petitioner,

v.

David Easterwood, *Director, St. Paul ICE Enforcement and Removal Operations*; Markwayne Mullin, *Secretary, Department of Homeland Security*; David Isais, *Administrator, Sherburne County Jail*; Todd Blanche, *Attorney General*; and David J. Venturella, *Acting Director, U.S. Immigration and Customs Enforcement*,

Respondents.

File No. 26-cv-3799 (ECT/DJF)

**ORDER**

---

Magistrate Judge Dulce J. Foster issued a Report and Recommendation ("R&R") dated September 8, 2026. ECF No. 10. Judge Foster recommended that Petitioner Manuel P.N.'s Petition for Writ of Habeas Corpus [ECF No. 1] be granted, and that Manuel be released. *See id.* Respondents[1] objected to the R&R, ECF No. 11, triggering de novo review pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). Familiarity with the R&R is presumed.

Respondents lodge a "limited objection" to the R&R. *See* ECF No. 11 at 1. Relying on their previous briefing, Respondents "disagree with the R&R's conclusion that [they]

---

[1] "Respondents" refers to Director Easterwood, Secretary Mullin, Attorney General Blanche, and Acting Director Venturella. Sherburne County Jail Administrator Isais has not appeared in these proceedings.

did not satisfy the second prong of 8 U.S.C. § 1357(a)(2) but accept the conclusion to the extent it is premised on recent case law in this District analyzing the issue of 'likelihood of escape.'" ECF No. 11 at 1.

I agree with Judge Foster's conclusion that Respondents have not satisfied the fallback for a warrantless arrest. 8 U.S.C. § 1357 provides:

> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant . . . to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). The Supreme Court has not construed "likely to escape," but it treats that circumstance as "specific" and "limited." *Arizona v. United States*, 567 U.S. 387, 410 (2012). Persuasive authorities interpret the phrase to mean, "likely to evade detention by immigration officers." *Moreno v. Napolitano*, 213 F. Supp. 3d 999, 1006–07 (N.D. Ill. 2016) (collecting cases); *see Campos v. United States*, 888 F.3d 724, 734–35 (5th Cir. 2018) (interpreting it to mean that an arrestee is likely to "disappear before a warrant could be obtained"); *Araujo v. United States*, 301 F. Supp. 2d 1095, 1102 (N.D. Cal. 2004) (finding no likelihood of escape where arrestee was living with his wife and had applied for lawful permanent resident status, "hardly evincing an intention to flee"). The

requirement "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizens at another clearly identifiable location." *Walther Ademir A. S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *3 (D. Minn. June 16, 2026) (citation modified). Importantly, the probable-cause standard requires that "the totality of the circumstances known to all officers involved at the time of the arrest" indicated to a "prudent person[]" that the noncitizen was likely to escape. *United States v. Thompson*, 533 F.3d 964, 969 (8th Cir. 2008) (citation modified); *see United States v. Puebla-Zamora*, 996 F.3d 535, 538 (8th Cir. 2021) (applying probable-cause standard to § 1357(a)(2) arrest).

Respondents have not shown that Manuel was "likely to escape before a warrant [could] be obtained for his arrest." 8 U.S.C. § 1357(a)(2). Manuel stopped his vehicle voluntarily without evasion and "freely admitted" that he did not have legal authorization to be in the country. *See* ECF No. 8-1 at 2. That Manuel failed to register his address or "lack[ed] . . . identification containing a current address" does not support that he was likely to escape before a warrant could be obtained. There is no record evidence that Manuel failed to provide his current address, and in fact his immigration records list a U.S. address for Manuel under a redaction. *See* ECF No. 8-1 at 1. In addition, Manuel's vehicle was registered to him, and there is no record evidence to support that officers believed they could not locate Manuel at his vehicle's registered address. Finally, that Manuel "appeared nervous" when he was arrested, *see* ECF No. 8 ¶ 5, is unsurprising considering that his

vehicle had just been surrounded by five ICE vehicles. *See* Pet. ¶ 2. This fact alone does not establish that Manuel was likely to escape before a warrant could be obtained.

Because Manuel was not served with a valid warrant at the time of his arrest, and because I conclude that Respondents have not shown that his arrest complied with § 1357(a)(2), Respondents' objection will be overruled, the Report and Recommendation will be accepted, and Manuel will be ordered released. *See Felix Alberto J.M. v. Blanche*, No. 26-cv-2944 (LMP/DLM), 2026 WL 1906596, at *1, *3–5 (D. Minn. July 2, 2026); *Walther A.S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *4 (D. Minn. June 16, 2026); *Luis A.S. v. Easterwood*, No. 26-cv-2447 (PJS/DTS), slip op. at 9 (D. Minn. May 26, 2026), ECF No. 9; *Venancio P.J. v. Blanche*, No. 26-cv-2740 (ECT/JFD), 2026 WL 1862252, at *2–3 (D. Minn. June 29, 2026).[2]

Finally, Respondents request clarification "that [they] may seek the re-arrest of [Manuel] following his release from immigration custody pursuant to a newly-issued Form I-200." ECF No. 11 at 2. Nothing in this Order precludes Respondents from later arresting or detaining Manuel pursuant to lawful authority and in compliance with applicable constitutional, statutory, and regulatory requirements.

Therefore, based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS ORDERED THAT**:

1. The Report and Recommendation [ECF No. 10] is **ACCEPTED** as described above;

---

[2] The resolution of this issue in Manuel's favor makes it unnecessary to consider the Petition's remaining grounds.

2. Respondents' objections [ECF No. 11] are **OVERRULED** as described above;

3. Petitioner Manuel P.N.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED**; and

4. Respondents shall release Petitioner Manuel P.N. from immigration custody immediately.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 21, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court