UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Manuel P.N.,

Petitioner,

v.

David Easterwood, *Director, St. Paul ICE Enforcement and Removal Operations*; Markwayne Mullin, *Secretary, Department of Homeland Security*; David Isais, *Administrator, Sherburne County Jail*; Todd Blanche, *Attorney General*; and David J. Venturella, *Acting Director, U.S. Immigration and Customs Enforcement*,

Respondents.

File No. 26-cv-3799 (ECT/DJF)

**ORDER**

---

Petitioner Manuel P.N. has filed an Emergency Motion to Enforce Judgment or, in the Alternative, to Reopen Proceedings and Adjudicate Renewed Habeas Claims. ECF No. 15. Regarding the Motion to Enforce Judgment, Manuel argues that Respondents failed to release him as ordered on September 21, 2026, *see* ECF No. 13, and he seeks his immediate release. ECF No. 15 at 1–2. Regarding the latter, alternative motion, Manuel asserts in a Renewed and Supplemental Verified Petition for Writ of Habeas Corpus ("Amended Petition"), ECF No. 18, that on September 28, 2026, he received a Form I-918 Supplement B certification from Hennepin County, and he argues ICE must consider this certification as part of any custody determination, *see id.* at 2–4. If he is not released in response to his Motion to Enforce Judgment, Manuel asks that this case be reopened so that the claims in the Amended Petition may be adjudicated.

Manuel's request for expedited handling of his motion to enforce will be denied because Manuel has not identified a sufficient basis for expedited treatment. Manuel's contention seems to be that his detention is so plainly unlawful that his release may be ordered immediately and without the need for the more robust briefing that ordinarily would occur if the petition were adjudicated on a standard timetable. The answer to this question is not clear, however. In an Order dated September 21, 2026, Manuel's original habeas petition was granted, and Manuel was ordered released because Respondents had not shown that Manuel's initial arrest complied with 8 U.S.C. § 1357(a)(2)'s warrantless arrest requirements. ECF No. 13 at 3–4. The September 21 Order made clear, however, that "[n]othing in [the] Order precludes Respondents from later arresting or detaining Manuel pursuant to lawful authority and in compliance with applicable constitutional, statutory, and regulatory requirements." *Id.* at 4. Judgment was entered on September 21. ECF No. 14. On September 22, while inside the Whipple Federal Building / ICE facility, Manuel alleges that he was provided release paperwork and "pointed in the direction [ICE officers] said he needed to go to leave." *See* ECF No. 16 at 5. As Manuel proceeded along the directed route, he alleges, ICE officers served him with paperwork they described as a warrant and placed him under arrest again. *See id.* Manuel argues that his re-arrest with a new warrant before he "obtained meaningful liberty" violated the September 21 Order granting his release. *Id.* at 8. Perhaps. But there are counter-arguments. Among these are (1) the idea that Manuel's re-arrest, if made on a legally compliant warrant, effectively cured the legal violation that resulted in the granting of Manuel's original petition, and (2) if Manuel's re-arrest would have been lawful had it occurred some distance from the

Whipple Federal Building, it is not clear why it was unlawful because it occurred where it did. The motion to enforce will be briefed on a more standard timetable.

Manuel's request to reopen this case to adjudicate the claims in his Amended Petition will be briefed on the same timetable. According to Manuel, this alternative motion raises "newly developed U-visa and victim-centered enforcement claims" that are present due to his "post-judgment custody event and post-judgment facts the Court has never adjudicated." ECF No. 15 at 3. Manuel alleges that on September 28, 2026, he received a "Form I-918 Supplement B" certification from Hennepin County that "independently triggers ICE Directive 11005.3's requirement that victim evidence be considered in custody decisions." *See id.* Manuel anticipates filing his Form I-918 with USCIS "on September 30, 2026," and he expects to file "proof of USCIS receipt or delivery . . . promptly thereon." ECF No. 16 at 3. Manuel's Amended Petition raises four claims related to these additional factual allegations. *See* ECF No. 18 at 3–6. This alternative motion raises at least two distinct sets of issues: (1) whether this case should be "reopened" to adjudicate the Amended Petition, and (2) if the answer to that question is "yes," then whether the Amended Petition should be granted. These issues deserve to be briefed on the same timetable as the motion to enforce. The briefing schedule set forth below is designed to allow Manuel sufficient time to file his anticipated documents with USCIS before the Government's answer to the Amended Petition is due.

Therefore, based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS ORDERED THAT**:

1. To the extent it seeks expedited adjudication, Petitioner Manuel P.N.'s Emergency Motion to Enforce Judgment or, in the Alternative, to Reopen Proceedings and Adjudicate Renewed Habeas Claims [ECF No. 15] is **DENIED**.

2. The remainder of Petitioner's Motion shall be adjudicated on the following schedule:

   a. Respondents are directed to file a response to Petitioner Manuel P.N.'s Emergency Motion to Enforce Judgment or, in the Alternative, to Reopen Proceedings and Adjudicate Renewed Habeas Claims [ECF No. 15] on or before **October 9, 2026**. To account for the possibility that the Amended Petition may be adjudicated in this case, Respondents' response should include an answer to Petitioner Manuel P.N.'s Renewed and Supplemental Verified Petition for Writ of Habeas Corpus [ECF No. 18].

   b. If Petitioner intends to file a reply to Respondents' response and answer, Petitioner must do so by no later than **October 16, 2026**. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

Dated: October 1, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court